## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

DEYSSI JANNETH PRADO-GUAJARDO,   )
                                  )
                Plaintiff,        )
         vs.                      )   Case No.: 2:16-cv-00546-GMN-VCF
                                  )
MARTIN GUZMAN PEREZ,              )   **ORDER**
                                  )
                Defendant.        )
                                  )

Pending before the Court is the Motion to Amend the Complaint, (ECF No. 18), filed by Plaintiff Deyssi Janneth Prado-Guajardo ("Plaintiff"). Defendant Martin Guzman Perez ("Defendant") filed a Response, (ECF No. 20), and Plaintiff filed a Reply, (ECF No. 22). For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion to Amend.[1]

## I.  BACKGROUND

Plaintiff filed the instant action in state court, seeking damages for an alleged non-collision accident. (*See* Ex. A to Pet. in Removal ("Compl"), ECF No. 1-1). Plaintiff claims that "Defendant failed to yield to right of way to Plaintiff Motorcycle," and "[t]o avoid collision with Defendant's Truck, Plaintiff veered her Motorcycle to the left. Plaintiff was ejected from her Motorcycle, slid on the roadway and sustained injuries." (*Id.* ¶¶ 8–9). Based on these allegations, Plaintiff filed her Complaint in state court asserting claims for negligence and negligence per se. (*Id.*). Defendant removed the case to this Court, citing federal question jurisdiction pursuant to 28 U.S.C. § 1331. (*See* Pet. in Removal, ECF No. 1).

---

[1] Also pending before the Court is Defendant's Motion to Strike, (ECF No. 4), paragraphs thirteen, fourteen, and fifteen of Plaintiff's Complaint regarding Wilshire Insurance. Plaintiff failed to file a response to or otherwise oppose Defendant's Motion. Accordingly, the Court GRANTS Defendant's Motion pursuant to Local Rule 7-2(d). *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion.").

## II. **LEGAL STANDARD**

Federal Rule of Civil Procedure 15(a)(1)(A) allows a party to amend its pleading once as a matter of course within 21 days after serving it. Fed. R. Civ. P. 15(a)(1)(A). If the pleading is one to which a responsive pleading is required, the party may also amend within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B).

Once the time period to amend as a matter of course in Rule 15(a)(1) of the Federal Rules of Civil Procedure has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, Rule 15(a)(2) further instructs that courts "should freely give leave [to amend] when justice so requires." *Id*. "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. **DISCUSSION**

Plaintiff seeks leave to add Defendant's employer, El Rayo Transportation ("El Rayo"), as a defendant. (Mot. to Amend 3:19–25, ECF No. 18). According to Plaintiff, "El Rayo is believed to be the name of the company that owned the tractor truck, which defendant . . . was driving at the time of the subject incident, and likely was Defendant's employer at the time." (*Id.*). Defendant argues that "Plaintiff's proposed amendment to add El Rayo Transportation as a separate defendant is futile" because El Rayo is "not a separate and distinct entity" but "simply the name [Defendant] uses in operating his business." (Resp. 3:18–21, 5:6–7, ECF No. 20). Further, Defendant asserts that amendment would cause undue prejudice to Defendant

because "the trier of fact will think that there is a separate corporate entity for which [Defendant] was working at the time of this no-contact accident." (*Id.* 5:10–11).

The Court finds that there is more than an adequate basis to grant Plaintiff's Motion to Amend pursuant to Rule 15.  First, Plaintiff timely filed her Motion to Amend within the deadline set by the Court's Scheduling Order. (Order 2:12–14, ECF No. 16).  In addition, amendment would not be futile because it brings parties into the suit against whom Plaintiff has colorable claims.  Discovery will clarify the relationship between Defendant and El Rayo.  Further, Defendant fails to explain why a potential misunderstanding by the trier of fact amounts to *undue* prejudice.  Defendant does not claim any other grounds for prejudice exist, and the Court can see none.  The Court therefore GRANTS Plaintiff's Motion to Amend.

### IV.     CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File a First Amended Complaint, (ECF No. 18), is **GRANTED**.  Plaintiff shall have fourteen days from the filing date of this Order to file her First Amended Complaint.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike, (ECF No. 4), is **GRANTED**.

**DATED** this __9__ day of February, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court