UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| DEYSSI JANNETH PRADO-GUAJARDO,<br><br>               Plaintiff,<br><br>vs.<br><br>MARTIN GUZMAN PEREZ and El RAYO,<br><br>               Defendants.<br><br>MARTIN GUZMAN PEREZ,<br><br>               Third-Party Plaintiff,<br><br>vs.<br><br>SHAYNA DIAZ,<br><br>               Third-Party Defendant. | Case No. 2:16-cv-00546-GMN-VCF<br><br>**ORDER**<br><br>THIRD-PARTY DEFENDANT'S MOTION TO EXTEND DISCOVERY DEADLINES (ECF NO. 46) |

Before the Court is Third-Party Defendant Shayna Diaz's Motion to Extend Discovery Deadlines (ECF No. 46). Defendant/Third-Party Plaintiff Martin Guzman Perez filed a Limited Joinder to Third-Party Defendant's Motion to Extend Discovery Deadlines (ECF No. 47). For the reasons stated below, Diaz's Motion is denied.

### I. LEGAL STANDARD

Federal Rule of Civil Procedure 16(b)(4) governs the modification of scheduling orders. In pertinent part, it provides that "[a] schedule may be modified only for good cause and with the judge's consent." *See* Fed. R. Civ. P. 16(b)(4). In the context of Rule 16, good cause is measured by diligence. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-09 (9th Cir. 1992)). The rule permits modification of a scheduling

order, but only if the existing deadlines cannot be met despite the diligence of the party seeking the extension. *See Coleman*, 232 F.3d at 1295. Where the movant "fail[s] to show diligence, the inquiry should end." *Id*. (citation and quotation marks omitted).

Local Rule 26-4 supplements Federal Rule 16. It states:

> A motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension … A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect. A motion or stipulation to extend a discovery deadline … must include:
>
> (a) A statement specifying the discovery completed;
>
> (b) A specific description of the discovery that remains to be completed;
>
> (c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and
>
> (d) A proposed schedule for completing all remaining discovery

*See* Local Rule 26-4.[1]

Excusable neglect approximates negligence. *See Lemoge v. United States*, 587 F.3d 1188, 1195 (9th Cir. 2009). Courts consider four factors when determining whether neglect is excusable: (1) the

---

[1] LR IA 6-1(a) and (b) state:

> (a) A motion or stipulation to extend time must state the reasons for the extension requested and must inform the court of all previous extensions of the subject deadline the court granted … A request made after the expiration of the specified period will not be granted unless the movant or attorney demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect. Immediately below the title of the motion or stipulation there also must be a statement indicating whether it is the first, second, third, etc., requested extension, i.e.: STIPULATION TO EXTEND TIME TO FILE MOTIONS (First Request).
>
> (b) The court may set aside any extension obtained in contravention of this rule.

danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *See Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).  This determination is equitable, *Pioneer*, 507 U.S. at 395, and left to this Court's discretion.  *See Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).

Scheduling orders are critical to the Court's management of its docket.  The Court is charged with securing "the just, speedy, and inexpensive determination of every action and proceeding."  *See* Fed. R. Civ. P. 1.  Delay frustrates this command.  Accordingly, the Ninth Circuit has emphasized that a case management order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."  *See Mammoth Recreations, Inc.*, 975 F.2d at 610 (internal quotations and citations omitted).

## II. DISCUSSION

Diaz's Motion to Extend Discovery Deadlines is denied without prejudice.  Diaz's motion neither "inform[s] the court of all previous extensions of the subject deadline the court granted," nor does Diaz's motion include "[i]mmediately below the title … a statement indicating whether it is the first, second, third, etc., requested extension."  *See* LR IA 6-1(a); see also LR IA 6-1(b) ("The court may set aside any extension obtained in contravention of this rule."); LR IA 10-1(d) ("The court may strike any document that does not conform to an applicable provision of these rules …."). Because Diaz's Motion fails to comply with the local rules, the Court declines to consider the substance of Diaz's motion at this time.  Diaz's motion is denied, but may refile her motion correcting the deficiencies identified above.

ACCORDINGLY,

3

IT IS ORDERED that Third-Party Defendant Shayna Diaz's Motion to Extend Discovery Deadlines (ECF No. 46) is DENIED WITHOUT PREJUDICE. Diaz may refile the motion, correcting the deficiencies identified in this order, on or before July 25, 2017.

IT IS SO ORDERED.

DATED this 18th day of July, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE