# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

***

DEYSSI JANNETH PRADO-GUAJARDO,

Plaintiff,

vs.

MARTIN GUZMAN PEREZ and El RAYO,

Defendants.

_____

MARTIN GUZMAN PEREZ,

Third-Party Plaintiff,

vs.

SHAYNA DIAZ,

Third-Party Defendant.

Case No. 2:16-cv-00546-GMN-VCF

**ORDER**

DEFENDANT/THIRD-PARTY PLAINTIFF MARTIN GUZMAN PEREZ AND DEFENDANT MARTIN GUZMAN PEREZ D/B/A EL RAYO TRANSPORTATION'S (ERRONEOUSLY SUED AS EL RAYO) MOTION TO COMPEL DISCOVERY AGAINST PLAINTIFF (ECF NO. 48)

This matter concerns Plaintiff Deyssi Janneth Prado-Guajardo's personal injury suit against Defendant/Third-Party Plaintiff Martin Guzman Perez and Defendant El Rayo (collectively, "Perez") for negligently causing a vehicle accident in which Prado-Guajardo sustained injuries. Before the Court is Perez's Motion to Compel Discovery Against Plaintiff (ECF No. 48). Prado-Guajardo filed a Response to Defendants' Motion to Compel (ECF No. 49), and Perez filed a Reply (ECF No. 51). For the reasons stated below, Perez's Motion to Compel is granted.

## I. BACKGROUND

This action arises from a non-collision accident between Prado-Guajardo's motorcycle and Perez's semi-truck on December 5, 2013. *See* ECF No. 32. Due to injuries Prado-Guajardo sustained from this accident, which she alleges Perez caused, Prado-Guajardo filed a complaint against Perez for negligence

and negligence per se on December 4, 2015 in Nevada District Court. *See* ECF No. 1 at 1. Perez removed the action to federal court on March 11, 2016. *Id.*

In August 2016, Perez filed a Third-Party Complaint for indemnity and contribution against Third-Party Defendant Shayna Diaz. The Third-Party Complaint alleges that Diaz was the registered owner of the motorcycle that Prado-Guajardo operated and the insured under a motorcycle insurance policy on the day of the accident. Prado-Guajardo filed an amended complaint in February 2017, naming El Rayo as an additional defendant. *See* ECF No. 32 at 1.

As part of discovery, on August 8, 2016, and January 26, 2017, Perez served Prado-Guajardo with Requests for the Production of Documents. *See* ECF No. 48-1 at 3, 26. Both requested, among other things, that Prado-Guajardo execute authorization and consent forms for Guzman to obtain Prado-Guajardo's employment, worker's compensation, insurance claims, and Medicare records. *Id.* at 8-9, 32-33. Prado-Guajardo objects to these requests on the ground that the requests are "not reasonably calculated to lead to admissible evidence" and that she is not making a claim for lost wages. The parties attempted, but could not resolve the matter. *See* ECF No. 47 at 9, 12; *see also* LR 26-7(c). On June 27, 2017, Guzman filed the instant motion to compel Prado-Guajardo to execute the authorizations submitted by Perez for Perez to obtain Prado-Guajardo's employment, worker's compensation, insurance claims, and Medicare records. *See* ECF No. 48.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) governs discovery's scope and limits. It states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed

discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

*See* Fed. R. Civ. P. 26(b)(1).

Fed. R. Civ. P. 34 governs the productions of documents.  It provides, in pertinent part, that "[a] party may serve on any other party a request within the scope of Rule 26(b): (1) to produce … the following items in the responding party's possession, custody, or control: (A) any designated documents or electronically stored information … stored in any medium from which information can be obtained …." See Fed. R. Civ. P. 34(a)(1)(A).

If a party resists discovery, the requesting party may file a motion to compel.  Rule 37 governs motions to compel.  *See* Fed. R. Civ. P. 37(a)(1).  Fed. R. Civ. P. 37(a)(3)(B)(iv) provides that a party seeking discovery may move for an order compelling production against another party when a party fails to produce documents requested under Fed. R. Civ. P. 34.  A motion to compel must certify that the movant has "in good faith conferred or attempted to confer" with the party resisting discovery.  *See* Fed. R. Civ. P. 37(a)(1); *see also* LR 26-7(c).

Parties resisting discovery carry the heavy burden of showing why discovery should be denied. *See Blankenship v. Hearst Corp*., 519 F.2d 418, 429 (9th Cir. 1975).  The objecting party must show that the discovery request is overly broad, unduly burdensome irrelevant.  *See EnvTech, Inc. v. Suchard*, Case No. 3:11-cv-523-HDM-WGC, 2013 WL 4899085 at* 5 (D. Nev. Sept. 11, 2013) ("it is well-settled that a party objecting to discovery must state its objection with specificity.").  To meet this burden, the objecting party must specifically detail the reasons why each request is improper.  *See Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D.Cal. 1999).  Boilerplate, generalized objections are inadequate and tantamount to making no objection at all.  *See Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court*, 408 F.3d 1142, 1147 (9th Cir. 2005) (holding that boilerplate objections or blanket refusals in

response to Rule 34 requests for production are insufficient); 7 James Wm. Moore, *Moore's Federal Practice*, § 34.13 (3d ed. 2017) ("An objection to a Rule 34 request must clearly set forth the specifics of the objection and how that objection relates to the documents being demanded. Generic, non-specific objections are improper.").

The court has broad discretion in controlling discovery and in determining whether discovery is burdensome or oppressive.  *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *see also Diamond State Ins. Co. v. Rebel Oil. Inc.*, 157 F.R.D. 691, 696 (D. Nev. 1994).  The court may fashion any order which justice requires to protect a party or person from undue burden, oppression, or expense. *United States v. Columbia Board. Sys., Inc.*, 666 F.2d 364, 369 (9th Cir.1982) *cert. denied*, 457 U.S. 1118 (1982).

### III. DISCUSSION

Perez's Motion to Compel concerns four written discovery requests:

**REQUEST NO. 41**:
Please completely fill out, sign and date all highlighted sections of the consent allowing this Defendant to obtain pertinent employment information (such consent is attached for Plaintiffs execution).

**RESPONSE TO REQUEST TO PRODUCE NO. 41:**
Plaintiff objects to this request as it is not reasonably calculated to lead to admissible evidence.

**REQUEST NO. 42:**
Please completely fill out, sign and date all highlighted sections of the consent allowing this Defendant to obtain pertinent worker's compensation records (such consent is attached for Plaintiffs execution).

**RESPONSE TO REQUEST TO PRODUCE NO. 42:**
Plaintiff objects to this request as it is not reasonably calculated to lead to admissible evidence.

**REQUEST NO. 43:**
Please completely fill out, sign and date all highlighted sections of the consent allowing this Defendant to obtain pertinent insurance claims

4

records (such consent is attached for Plaintiffs execution).

**RESPONSE TO REQUEST TO PRODUCE NO. 43:**
  Plaintiff objects to this request as it is not reasonably calculated to lead to admissible evidence.

**REQUEST NO. 45:**
  Please completely fill out, sign and date all highlighted sections of the consent allowing this Defendant to obtain Plaintiff's Medicare records from Medicare-Coordination of Benefits Contractor; MSP Claims Investigation Project/MSPRC (such consent is attached for Plaintiffs execution).

**RESPONSE TO REQUEST TO PRODUCE NO. 45**:
  Plaintiff objects to this request as it is not reasonably calculated to lead to admissible evidence.  Without waiving said objection Plaintiff answers as follows: Plaintiff has not received Medicare benefits.

*See* ECF No. 48-1 at 17, 19-20, 48-49.[1]

  The parties present one issue: Whether requests for signing and executing written authorizations from another party to facilitate disclosure by a nonparty custodian of relevant records related to the facts and claims at issue in a lawsuit may be made under Fed. R. Civ. P. 34(a), and, if necessary, compelled under Fed. R. Civ. P. 37(a).  The Court concludes that it does.

  As a preliminary matter, the Court notes that although Prado-Guajardo's objections to Perez's requests state that "this request … is not reasonably calculated to lead to admissible evidence," relevance is not a disputed issue before the Court.  *But see* Fed. R. Civ. P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable.").[2]  Even so, the Court finds that

---

[1] The Court notes that Request Nos. 6-8, and 14 of Perez's First Set of Requests for the Production of Documents to Plaintiff dated August 8, 2016, are identical to Request Nos. 41-43, and 45 of Perez's Second Set of Requests for the Production of Documents to Plaintiff dated January 26, 2017.  Prado-Guajardo's Responses to Request Nos. 6-8, and 14 are also similar to Prado-Guajardo's Responses to Request Nos. 41-43, and 45.

[2] Effective Dec. 1, 2015, Rule 26(b)(1) was amended.  *See* 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure*, § 2008 (3d ed. 2010).  The "reasonably calculated" phrase that had been used in the rule provision that emphasized that admissibility at trial is not a prerequisite to discovery was deleted.  *Id.*  As explained in the Committee Note to 2015 amendment to Rule 26(b)(1):

Perez's written discovery requests seek documents that are relevant to the claims, issues, and defenses in this case. Prado-Guajardo alleges in her amended complaint that she suffered various injuries, including head injuries from the motorcycle accident. *See* ECF No. 32 at 2 ("Plaintiff was caused to be disabled and limited and restricted in their occupations and activities, which caused to Plaintiff a loss of wages in an unascertainable amount… and/or diminution of Plaintiff's learning capacity and future loss of wages ….."), 3 ("Plaintiff suffered injuries in and about the neck, back, legs, arms, organs, systems, and was other otherwise injured and caused to suffer great pain of body and mind. And all or some of the same is chronic and may be permanent and disabling…."); *see also* ECF No. 48-1, Ex. I ("Neuropsychological Assessment"). Perez claims that Prado-Guajardo is "reporting that her past medical expenses as a result of this … incident are $113,589.29" and that she "claims future medical expenses in the amount of $2,611,230." *See* ECF No. 48 at 9; *see also* ECF No. 51 at 2. As a result, Perez argues, Prado-Guajardo's employment, worker's compensation, insurance claims and Medicaid records are relevant to Prado-Guajardo's injury claims and "necessary so that the defendants can obtain unbiased documentation of the plaintiff's pre-morbid state – her baseline." *See* ECF No. 51 at 5. According to Perez, these records will show Prado-Guajardo's "mental, emotional[,] and psychological condition prior to and after her accident, all of which were caused by the plaintiff's lack of motorcycle operation experience, her lack of driving privileges and her comparative negligence." *Id*. at 3. In addition, Perez asserts that these records will show if Prado-Guajardo "had any restrictions or limitations in performing her job duties prior to and after

---

The phrase has been used by some, incorrectly, to define the scope of discovery. As the Committee Note to the 2000 amendments observed, use of the "reasonably calculated" phrase to define the scope of discovery "might swallow any other limitation on the scope of discovery." The 2000 amendments sought to prevent such misuse by adding the word "Relevant" at the beginning of the sentence, making it clear that "relevant" meant within the scope of discovery as defined in this subdivision …." The "reasonably calculated["] phrase has continued to create problems, however, and is removed by these amendments.

this incident." *Id*. at 3, 5.  These records, Perez argues, "directly relate to the facts and claims the plaintiff has placed at issue in this lawsuit." *Id*.  The Court agrees.

The parties dispute whether Prado-Guajardo may be compelled to provide Perez with signed authorizations for the release of various records.  Prado-Guajardo argues that Fed. R. Civ. P. 34 "does not require a party to produce authorization … to permit the opposing party to collect various records from other individuals or entities."  *See* ECF No. 49 at 3-4.  Prado-Guajardo relies on, among others, *Mills v. East Gulf Coal Preparation Co.*, LLC 259 F.R.D. 118 (S.D. W. Va. 2009), which states that Rule 34 "does not contain any requirement that a party provide written authorization for the release of documents in the possession, custody or control of another person, entity or agency or permit the Court to order a party to provide such authorization."  Prado-Guajardo asserts that, even though Rule 34 does not require a party to provide authorizations, she "provided various authorizations to the Defendants three different times." *Id*. at 5.  Prado-Guajardo argues that she was "within her rights to require Defendants to use alternative methods available" such as to "send subpoenas or take other action to procure the records."  *Id*.

Perez, to the contrary, relies on *Mir v. L-3 Commc'ns Integrated Sys., L.P.*, 319 F.R.D. 220 (N.D. Tex. 2016), and argues that under Fed. R. Civ. P. 34 and 37, Prado-Guajardo "can be compelled to execute authorizations for her employment, workers' compensation, insurance claims and Medicaid records" because these records "are within the plaintiff's own control via her prior and current employment relationships."  *See* ECF No. 51 at 7.  Further, Perez claims that "execution of the requested authorizations will expedite the process of obtaining such records and will be much more economically efficient."  *Id*.

Courts are divided about whether a party may be compelled to execute a signed records authorization or release under Rule 34.  *Compare Lischka v. Tidewater Servs., Inc.*, No. CIV. A. 96-296, 1997 WL 27066, at *2 (E.D. La. Jan. 22, 1997) ("cases almost universally hold, explicitly or implicitly, that Rule 34, along with Rule 37 empowers federal courts to compel parties to sign written authorizations

consenting to the production of various documents."), *Mir v. L-3 Commc'ns Integrated Sys.*, L.P., 319 F.R.D. 220, 227 (N.D. Tex. 2016) (discussing the split of cases and holding that "Rule 34, along with Rule 37, empowers courts to compel parties to sign written releases or authorization forms consenting to the production of various documents."), *and Grove v. Aetna Cas. & Sur. Co.*, 855 F. Supp. 113, 116 (W.D. Pa. 1993) (holding that "[t]here is ample support for requiring" a party to provide a signed authorization in order to give another party access to relevant discovery materials, "as well as for judicial imposition of sanctions upon parties who frivolously refuse to provide such authorizations."), *with Cheshire v. Air Methods Corp*, No. 3:15-cv-933, 2015 WL 7736649, at *4 (W.D. La. Nov. 30, 2015) ("a majority of courts have held that Rule 34 itself does not give courts the power to order a party to sign a release."), *and Mills v. E. Gulf Coal Preparation Co., LLC*, 259 F.R.D. 118, 133 (S.D.W. Va. 2009) ("The Rule does not contain any requirement that a party provide written authorization for the release of documents in the possession, custody or control of another person, entity or agency or permit the Court to order a party to provide such authorization.").

When interpreting the Federal Rules of Civil Procedure, the Court must give the rules their plain and natural meaning and, to this end, may consider, *inter alia*, the Federal Rules of Civil Procedure's purpose that they "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." *See* Fed. R. Civ. P. 1. With that in mind, the Court holds that a party may request an opposing party sign and execute written authorizations under Rule 34(a). And, if necessary, Rule 34, along with Rule 37, gives courts the power to compel parties to sign written authorization forms consenting to the production of various documents.[3]

---

[3] *See Lischka*, 1997 WL 27066, at *2 (E.D. La. Jan. 22, 1997) (listing cases and noting that the cases holding, explicitly or implicitly, that Rule 34, along with Rule 37, empowers federal courts to compel parties to sign written authorizations consenting to the production of various documents are legion.); *see also* 7 Moore, § 34.13 ("A court may order a party to provide a signed authorization to enable another party to obtain access to relevant discovery materials.").

Written authorizations may be compelled under Rule 34 because they simply compel parties to disclose documents that are under their "control." Fed. R. Civ. P. 34(a) allows for the production of documents that are "in the possession, custody, *or control*" of the party upon whom the request is served. *See* Fed. R. Civ. P. 34(a) (emphasis added). The responding party must have "control" over the records sought through the written authorizations at issue. For purposes of Fed. R. Civ. P. 34(a), a responding party is deemed to be in control over the records sought if such records "can be released via an authorization, because, by either granting or withholding [their] consent, [they] may determine who shall have access to them." *See Mir*, 319 F.R.D. at 228-29 (quoting *Lischka v. Tidewater Servs., Inc.*, No. CIV. A. 96-296, 1997 WL 27066, at *2 (E.D. La. Jan. 22, 1997)).

In particular, the term "control," which is broadly construed, includes the legal right of the producing party to obtain documents from other sources upon demand. *See Soto v. City of Concord*, 162 F.R.D. 603, 619 (N.D. Cal. 1995) ("A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document."); *see also* 7 Moore, § 34.13 ("Control has been defined to include 'the legal right to obtain the documents requested upon demand'" and "[a] party may be required to produce a document that it has the legal right to obtain even though it presently may not have a copy of the document in its possession."). The party seeking discovery has the burden to show that the other party has control over the documents sought. *See United States v. Int'l Union of Petroleum & Indus. Workers*, *AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989) ("The party seeking production of the documents … bears the burden of proving that the opposing party has such control."); *see also* 7 Moore, § 34.13 ("The burden of establishing control over the documents sought is on the party seeking production.").

In support of Prado-Guajardo's argument that Rule 34 does not contain any requirement that a party provide written authorization for the release of various documents, she directs the Court to Fed. R.

Civ. P. 45, which provides for the issuance of subpoenas to obtain the relevant records. *See* Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection."); *see also* Fed. R. Civ. P. 45(a). To be sure, a party can seek to obtain documents or records directly from a non-party custodian through a Rule 45(a) subpoena. The mere "availability of the requested documents pursuant to FRCP Rule 45 subpoena," however, masks the practical effect that, without the written authorization of the individual to whom such records pertain, the non-party custodian may or may not agree to release records. *See Allen v. Indian Harbor Marine, Inc*., No. CIV. A. 96-3135, 1997 WL 666210, at *2 (E.D. La. Oct. 24, 1997) ("any attorney who has ever handled even one case implicating records and documents in the physical possession of non-parties and particularly government entities, including medical records, military records, social security disability records, tax records, and the like, will not be released without the written authorization of the individual to whom such records pertain.").

In addition to seeking documents and records directly from a non-party custodian through a Fed. R. Civ. P. 45(a) subpoena—to which the non-party custodian, in response, may or may not agree to release records without the written authorization of the individual to whom such records pertain—a party can also request the documents and records directly from the responding party under Fed. R. Civ. P. 34(a). *See Mir*, 319 F.R.D. at 229; *see also Cheshire v. Air Methods Corp*, No. 3:15CV933, 2015 WL 7736649, at *4 (W.D. La. Nov. 30, 2015); *E.E.O.C. v. Thorman & Wright Corp*., 243 F.R.D. 426, 429 (D. Kan. 2007). The responding party would then have a duty to collect the records from non-party custodians to the extent that the requested information is within the responding party's "possession, custody, or control." *Id*.

But having the available options to seek documents directly from a non-party custodian through a Rule 45(a) subpoena or using Rule 34(a) to request the records directly from the other party "does not foreclose a party's using Rule 34(a) to seek a signed authorization … from another party to facilitate

disclosure by a non-party custodian of documents that are under the responding party's control but not within that party's possession or custody." *See Mir*, 319 F.R.D. at 229; *see also Lischka*, 1997 WL 27066, at *2 (E.D. La. Jan. 22, 1997).   This is so "because requests for signing and executing written releases or authorizations may be properly made under Rule 34(a)—and then, if necessary, compelled under Rule 37(a)—insofar as they require a responding party to permit the requesting party or its representative to inspect or copy designated documents or electronically stored information in the responding party's control." *Id*. at 229-30; *see also* 7 Moore, § 34.13 ("A court may order a party to provide a signed authorization to enable another party to obtain access to relevant discovery materials.").   This interpretation gives the rules their plain meaning and is consistent with Fed. R. Civ. P. 1's directive that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

The Court finds that, under the circumstances here, the documents and records sought through the written authorizations and releases are within Prado-Guajardo's control where, insofar as the records can be released—and perhaps can only be released—via an executed authorization or release, Prado-Guajardo, by either granting or withholding her consent, can determine who may have access to them.  On the facts before the Court, the Court finds that Prado-Guajardo has either a legal right or at least a practical ability to obtain the records at issue.  Prado-Guajardo does not dispute that she has the legal right or at least a practical ability to obtain the records at issue.  And Prado-Guajardo has already provided Perez with numerous signed authorizations for the release of Prado-Guajardo's various records. *See e.g*., ECF No. 49-1 at 12-26; *see also* ECF No. 49-2 at 13-20.   Prado-Guajardo's "execution of the requested authorizations will expedite the process of obtaining such records and will be much more economically efficient."

Prado-Guajardo's objections are overruled.  Rule 34(a) does authorize Perez's requests that Prado-

Guajardo "completely fill out, sign and date all highlighted sections of the consent [form] allowing … [Perez] to obtain pertinent" employment, workers' compensation, insurance claims and Medicaid records. Having determined that Perez's motion to compel prevails, the court now considers whether Prado-Guajardo should be ordered to satisfy Perez's fees, costs, and expenses.

Fed. R. Civ. P. 37(a)(5) governs motions to compel and the payment of expenses. Rule 37(a)(5)(A) states that "[i]f the motion is granted … the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, … to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Rule 37(a)'s Advisory Committee Notes emphasize that "expenses should ordinarily be awarded unless a court finds that the losing party acted justifiably in carrying this point to court." *See* Fed. R. Civ. P. 37(a), Advisory Comm. Notes, 1970 Amend. This provision "presses the court to address itself to abusive [discovery] practices." *Id.*

An award of expenses is inappropriate if: (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (2) the opposing party's non-disclosure, response, or objection was substantially justified; or (3) other circumstances make an award of expenses unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(i-iii). The burden is on the losing party to affirmatively demonstrate that its discovery conduct was substantially justified. See Fed. R. Civ. P. 37(a), Advisory Comm. Notes, 1970 Amend. Discovery conduct is "substantially justified if it is a response to a 'genuine dispute or if reasonable people could differ as to the appropriateness of the contested action.'" *See Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The Court holds that Prado-Guajardo does not need to pay Perez's reasonable attorney's fees and expenses. Although Prado-Guajardo's responses to Perez's discovery requests are boilerplate and devoid of any meaningful response, Prado-Guajardo's conduct is "substantially justified" because the dearth of binding authority in this circuit and the division among courts about whether Rule 34 is a proper

mechanism for obtaining signatures is a "genuine dispute" to which reasonable people could differ as to the appropriateness of the contested action.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that the Defendant/Third-Party Plaintiff Martin Guzman Perez and Defendant El Rayo's Motion to Compel Discovery Against Plaintiff Deyssi Janneth Prado-Guajardo (ECF No. 48) is GRANTED.

IT IS FURTHER ORDERED that on or before August 21, 2017, Prado-Guajardo must serve on Perez's counsel the signed consent or authorization forms for the release of information from Perez, as Perez has requested in Request Nos. 6-8, and 14 of Perez's First Set of Requests for the Production of Documents to Plaintiff dated August 8, 2016, and Request Nos. 41-43, and 45 of Perez's Second Set of Requests for the Production of Documents to Plaintiff dated January 26, 2017.

IT IS SO ORDERED.

DATED this 24th day of July, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE